

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-293-CR

DONALD LEON CALTON II                                    APPELLANT

V.

THE STATE OF TEXAS                                                STATE

------------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Donald Leon Calton II entered an open plea of guilty to aggravated assault on a public servant. The trial court assessed his punishment at two years' confinement.

Calton's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion

---

[1] *See* Tex. R. App. P. 47.4.

meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why the appeal is frivolous. *See McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 444, 108 S. Ct. 1895, 1905 (1988) (stating that appeal is frivolous if "the client's interests would not be served by proceeding with the appeal"); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) (discussing that a "frivolous appeal" brief must "discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court"). The State has not filed any response to counsel's *Anders* brief. Likewise, Calton was given the opportunity to file a pro se brief, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Calton entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Calton's plea,

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous, that Calton's interests would not be served by proceeding with the appeal, and that Calton was not harmed by the court's rulings. *See McCoy*, 486 U.S. at 444, 108 S. Ct. at 1905; *Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *High*, 573 S.W.2d at 813. We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 19, 2009

3